# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50810
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alvaro Pacheco-Derma,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-234-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alvaro Pacheco-Derma appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1). For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50810

are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While Pacheco-Derma acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. In addition, Pacheco-Derma has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Pacheco-Derma is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Pacheco-Derma's motion is GRANTED, and the district court's judgment is AFFIRMED.